UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEWOLFF, BOBERG & ASSOCIATES, INC., § § § | |
| Plaintiff, § § | Civil Action No. 3:22-CV-2489-K |
| v. § § | |
| ED CLARK, § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ed Clark's Motion for Summary Judgment (Doc. No. 40), brief in support (Doc. No. 41), and supporting Appendix (Doc. No. 42) (together, the "Motion"). Plaintiff DeWolff, Boberg & Associates, Inc. filed a Response to Defendant Ed Clark's Motion for Summary Judgment (Doc. No. 89)(redacted) and Appendix in Support (Doc. No. 90)(redacted) (together, the "Response"). Defendant filed a Reply in Support (the "Reply") (Doc. No. 55). The Court has carefully considered the Motion, the Response, the Reply, the relevant portions of the record, and the applicable law. The Court finds that Plaintiff fails to raise a genuine issue of material fact on the damages element of its breach of contract claim and on the use element of its misappropriation of trade secrets claim. For those reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. Plaintiff's claims for breach of contract and for misappropriation of trade secrets are **DISMISSED with prejudice**.

1

I.      **Factual and Procedural Background**

(All case filings cited herein reflect the CM/ECF assigned page number.) Plaintiff DeWolff, Boberg & Associates, Inc. ("Plaintiff") alleges it is a Dallas-based management consulting company that serves clients in multiple industries. Doc. No. 90 at 70. Defendant Ed Clark ("Defendant") began working for Plaintiff in January 2018 as a Management Consultant. *Id.* at 6, 73. Defendant's employment agreement prohibited Defendant from disclosing Plaintiff's confidential information, competing with Plaintiff, and soliciting Plaintiff's clients. *Id.* at 6. In his position, Defendant was given access to Plaintiff's "proprietary and confidential systems and processes, diagnostic materials, templates, intellectual property, software, and other non-public, confidential, and commercially-sensitive materials and data concerning [Plaintiff's] analysis and operational approaches", which Plaintiff defines as its "Trade Secret materials." *Id.*

On May 13, 2022, Defendant submitted his two-week notice of resignation to his supervisor, Stephen Breault. Doc. No. 90 at 119. Unbeknownst to Plaintiff, Defendant had been hired by the Randall Powers Company ("Powers"), a competitor of Plaintiff's. Doc. No. 89 at 15. Plaintiff claims that, in the days before he left Plaintiff's employ, Defendant accessed Plaintiff's database and downloaded files or forwarded to himself emails that contained Plaintiff's trade secrets. *Id.* at 15-16; *see id.* at 16-19 (identifying specific information). Plaintiff maintains that Defendant uses

"some of the same tools" that he downloaded or forwarded to himself from Plaintiff's database. *Id.* at 19-20.

Plaintiff sued Defendant in state court asserting claims for: (1) breach of contract related to the employment agreement provisions for non-disclosure, non-compete, and non-solicitation; (2) breach of fiduciary duty; and (3) misappropriation of trade secrets. *See generally* Doc. No. 1-6. Plaintiff requests monetary damages, injunctive relief, and attorneys' fees. *Id.* at 14-15. Defendant removed the case to federal court on the basis of diversity jurisdiction. Doc. No. 1 at 3. Defendant filed a partial motion to dismiss Plaintiff's claims for breach of contract on the non-compete provision and for breach of fiduciary duty. *See generally* Doc. No. 8. The Court granted the motion in part as to the breach of fiduciary duty claim, finding it was pre-empted under the Texas Uniform Trade Secrets Act ("TUTSA") and was not facially plausible on any other basis. Doc. No. 37 at 1. The Court denied the motion as to the breach of contract claim, finding that, although the non-compete provision is over-broad and unreasonable pursuant to Texas law, Defendant did not demonstrate that Plaintiff cannot recover as a matter of law. *Id.*

Thereafter, Plaintiff moved to amend its complaint to allege a different theory for its breach of fiduciary duty claim and to join Powers as a defendant. *See generally* Doc. No. 39. The Court denied Plaintiff's motion finding it failed to demonstrate good cause under Federal Rule of Civil Procedure 16(b) to amend its breach of fiduciary duty

3

claim and to join Powers, and that permissive joinder of Powers under Rule 20 should not be permitted. *See* Doc. No. 86.

Defendant filed this Motion for Summary Judgment which is fully briefed. The Court turns now to determining this Motion.

## II.    Standards of Review

A court may grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" FED. R. CIV. P. 56(a)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A fact is material if it 'might affect the outcome of the suit under the governing law,' while a dispute about that fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must view all evidence and reasonable inferences in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

If the nonmovant will have the burden of proof at trial, the moving party must identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. This burden is satisfied when the movant shows that the nonmovant "has completely failed to prove 'an essential element of the nonmoving party's case.'" *Owens*, 33 F.4th at 824 (cleaned up) (quoting *Celotex*, 477 U.S. at 323). Once the movant satisfies its burden, the nonmovant must

4

"identify specific evidence in the record" and "articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)(en banc) (nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence, not with "conclusory allegations, speculation, and unsubstantiated assertions."); *see also Ragas*, 136 F.3d at 458 (emphasizing that the court is not tasked with "sift[ing] through the record in search of evidence" that supports the nonmovant's opposition to summary judgment). "Speculative theories cannot defeat a motion for summary judgment." *Guillot on behalf of T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023). "There can be no genuine dispute as to a material fact where [the nonmovant] fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which [it] will bear the burden of proof at trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 322).

## III. Analysis

Defendant moves for summary judgment on both of Plaintiff's remaining claims: (1) breach of contract (Count 1) and (2) misappropriation of trade secrets (Count 3).

### A. Breach of Contract Claim

Defendant contends that he is entitled to summary judgment as a matter of law on the breach of contract claim for four reasons: (1) the noncompete provision is unenforceable and overly broad; (2) reformation of the noncompete provision is futile and, therefore, moot because the term expired; (3) Plaintiff has no evidence of any

5

damages resulting from Defendant's alleged breach of the noncompete provision; and (4) Plaintiff has no evidence of damages suffered from Defendant's alleged breach of the nondisclosure provision. Doc. No. 41 at 14-18.

Although it disputes that the provisions are overly broad, Plaintiff acknowledges that the non-compete and non-solicitation provisions have expired and that tolling is not available. Doc. No. 89 at 22. However, Plaintiff presses its claim for breach of the non-disclosure provision and argues that summary judgment is not appropriate because there is a material fact issue as to the damages element. *Id.* at 24. Plaintiff argues it was damaged by Defendant's actions of taking Plaintiff's confidential information and using it in his position with Powers giving both Defendant and Powers "a competitive advantage". *Id.* According to Plaintiff, it is entitled to recover compensation that Defendant received from his use of this protected information, including Defendant's "more work" bonus. *Id.*; *see id.* at 19-21.

In his Reply, Defendant contends that Plaintiff produced no evidence of actual damages from any alleged breach of the non-disclosure provision. Doc. No. 65 at 3. Defendant further asserts that Plaintiff's request to recover Defendant's compensation is in actuality a disgorgement theory for which there is no legal support. *Id.* at 9.

The Court applies Texas law here. The parties brief this claim solely on Texas law. *See Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 n.2 (5th Cir. 2009) ("By failing to brief any other state's law, the parties have forfeited any choice of law argument.") (cleaned up). Further, the parties previously filed a Joint Stipulation

6

that Texas law applies to the contract claim and that there is no conflict between Delaware, the contractual choice-of-law provision, and Texas law. *See* Doc. No. 36 (parties' Joint Stipulation); *see R.R. Mgmt. Co. v. CFS La. Midstream Co.*, 428 F.3d 214, 221-22 (5th Cir. 2005) (declining to conduct choice-of-law analysis because Texas and Louisiana contract law do not conflict).

To prevail on a breach of contract claim, the plaintiff must show "(1) a valid contract, (2) performance by the plaintiff as contractually required, (3) breach by the defendant, and (4) damages due to the breach." *Harrison Co., L.L.C. v. A-Z Wholesalers, Inc.*, 44 F.4th 342, 346 (5th Cir. 2022) (citation omitted). Because the Court finds that the breach of contract claim fails as a matter of law on damages, the analysis begins and ends with that element. "In Texas, 'the universal rule for measuring damages for the breach of contract claim is just compensation for the loss or damage *actually sustained*.'" *Hoffman v. L&M Arts*, 838 F.3d 568, 585 (5th Cir. 2016). Damages in the form of disgorgement are not available under Texas law for breach of contract. *Id.* at 585 (holding that the Supreme Court of Texas "would reject" a disgorgement remedy for breach of contract); *see, e.g., id.* (emphasizing that "[s]everal Texas intermediate courts have held disgorgement to be an unavailable remedy under Texas contract law.") (collecting cases); *Massimo Motor Sports, LLC v. Shandong Odes Ind. Co., Ltd.*, Civ. Action No. 3:21-CV-2180-X, 2024 WL 477560 (N.D. Tex. Feb. 6, 2024)(Starr, J.) (finding "disgorgement is not a viable remedy" for a breach of contract claim); *Salomon v. Kroenke Sports & Ent., LLC*, Civ. Action No. 3:15-CV-0666-M, 2019 WL 10631256, at *5

(N.D. Tex. Feb. 27, 2019)(Lynn, C.J.) (in addressing motion to exclude testimony of the plaintiff's proposed damages expert in support of opposition to summary judgment, the court found, "[a]s an initial matter, . . . that damages based on disgorgement of profits are not available" for the plaintiff's breach of contract claim)).

In his Motion, Defendant contends that Plaintiff did not provide a damages calculation, a damages model, or an expert report on any damages resulting from the alleged breach, and did not supplement its discovery responses that generally claimed "economic damages". Doc. No. 41 at 18; *see* Doc. No. 42 at 17, 21 (Ex. E, Interrog. Nos. 4 & 14); *id.* at 75 (Ex. I at 4). Defendant asserts that, in fact, "Plaintiff has not articulated any damages resulting from [Defendant's] alleged breaches" and cites the deposition testimony of Morgan Buffington, Plaintiff's Vice President of Finance and Administration, and Jonathan Compton, Plaintiff's IT Director, in support of this. *Id.*; *see* Doc. No. 85 at 59 (Ex. G, 22:13-16) & 91 (Ex. H, 60:23-61:12, 64:14-23). The Court finds that Defendant sufficiently satisfied its burden to show that Plaintiff failed to prove an essential element of its breach of contract claim. *See Celotex*, 477 U.S. at 323.

The burden then shifted to Plaintiff. However, Plaintiff fails to identify specific evidence in the record showing that there is a genuine fact issue on the damages element. Plaintiff does not respond to Defendant's assertion that it did not produce any model or calculation of actual losses or damages from the alleged breach of the non-disclosure provision. Instead, Plaintiff claims that Defendant was able to perform

8

his new job for Powers "so well", despite having "had no experience, training, nor skill to perform" it, only because he took and used Plaintiff's protected information and this "entitle[s]" Plaintiff to recover the compensation Defendant received from Powers, including bonuses. Doc. No. 89 at 24. It is well-established Texas law that "the universal rule for measuring breach-of-contract damages is compensation for the claimant's actual losses." *Massimo Motor Sports*, 2024 WL 477560 at *3. Yet Plaintiff identifies no specific evidence in the record to establish that. The damages Plaintiff does request (*i.e.*, Defendant's compensation) are plainly based on a disgorgement theory. *See id.* ("[D]isgorgement looks to divest the wrongdoer of its ill-gotten gains, not to compensate the victim."). This type of damages, the only one advanced by Plaintiff, is not an available remedy for breach of contract under Texas law. *Hoffman*, 838 F.3d at 585. Therefore, Plaintiff failed to identify evidence in the summary judgment record showing Defendant's alleged breach caused Plaintiff actual damages or losses, which is the only permissible measure of damages for breach of contract. *See Ragas*, 136 F.3d at 458.

For these reasons, Defendant is entitled to summary judgment on Plaintiff' breach of contract claim. Because the breach of contract claim fails, Plaintiff's request for attorneys' fees likewise fails and Defendant is entitled to summary judgment on that as well.

### B. Misappropriation of Trade Secrets

To establish a misappropriation of trade secrets claim, the plaintiff must show that "(1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant *used* the trade secret without authorization from the plaintiff." *CAE Integrated, L.L.C. v. Moov Techs., Inc.*, 44 F.4th 257, 262 (5th Cir. 2022); *accord Thomas v. Hughes*, 27 F.4th 995, 1008 (5th Cir. 2022); *see Comput. Scis. Corp. v. Tata Consultancy Servs. Ltd.*, Civ. Action No. 3:19-CV-0970-X, 2023 WL 361870, at *2 (N.D. Tex. Jan. 21, 2023)(Starr, J.); *Malone v. PLH Grp., Inc.*, 2020 WL 1680058, at *5 (Tex. App.—Houston [1st Dist.] Apr. 7, 2020), pet. denied); *Morrison v. Profanchik*, 2019 WL 3798182, at *5 (Tex. App.—Dallas Aug. 13, 2019), *supplemented*, 2019 WL 5112268 (Oct. 10, 2019); *M-I L.L.C. v. Q'Max Sols., Inc.*, 2019 WL 3565104, at *3 (S.D. Tex. Aug. 6, 2019); *Marek Brother Sys., Inc. v. Enriquez*, Civ. Action No. 3:19-CV-1082-L, 2019 WL 3322162, at *3 (N.D. Tex. July 24, 2019)(Lindsay, J.). Although a few courts have found that "use" is not a required element of a TUTSA claim, Plaintiff and Defendant agree that "use" is a required element of a TUTSA trade secret misappropriation claim that must be established, and both parties argue their respective positions on this basis. Doc. No. 41 at 18; Doc. No. 89 at 24; *see StoneCoat of Tex., LLC v. ProCal Stone Design, LLC*, 426 F. Supp. 3d 311, 340-345 (E.D. Tex. 2019) (the court thoroughly analyzed "the current state of the law on this issue as set forth by the Fifth Circuit Court of Appeals, numerous district courts, and some Texas state courts," and assumed that "use" of an

alleged trade secret is an essential element of the plaintiffs' TUTSA claim even if a few courts have concluded that it is not a required element under TUTSA) (collecting cases). Here, the Court will likewise assume without deciding that "use" of the trade secret is an essential element of this TUTSA claim. *See also* TEX. CIV. PRAC. & REM. CODE § 134A.002(3) (defining "misappropriation" as requiring actual use or disclosure of a trade secret without consent).

The Court does not decide whether Plaintiff's alleged protected information qualifies as "a trade secret" for purposes of this claim because summary judgment on this claim is appropriate on other grounds.

The plaintiff must prove actual and unauthorized use of trade secrets by the defendant. *See CAE Integrated*, 44 F.4th at 262; *Providence Title Co. v. Truly Title, Inc.*, — F. Supp. 3d —, 2024 WL 1932418, at *7 (E.D. Tex. May 2, 2024); *see also Providence Title Co. v. Truly Title, Inc.*, 2024 WL 3927464, at *5 (E.D. Tex. Aug. 22, 2024). "Threatened or potential use—albeit sufficient for [temporary or preliminary] injunctive relief—is only a threatened or potential legal wrong. When there has been no [actual] use, a cause of action for trade secret misappropriation would not accrue." *Providence Title*, — F. Supp. 3d —, 2024 WL 1932418, at *7 (citing *Sw. Energy Prod.*, 491 S.W.3d at 722). "As a general matter, any exploitation of the trade secret that is likely to result in injury to the trade secret owner or enrichment to the defendant is a 'use.'" *Id.* (quoting *GE Betz*, 885 F.3d at 326); *see Sw. Energy Prod.*, 491 S.W.3d at 722

11

("Use of the trade secret means commercial use by which the offending party seeks to profit from the use of the secret.").

The Court finds that Defendant cites evidence in the summary judgment record establishing the absence of a dispute of material fact regarding the "use" element. In his deposition, Defendant denied forwarding himself any of the documents or information from Plaintiff to use in his employment with Powers. Doc. No. 85 at 16 (117:15-22). Defendant also testified:

> And I still have all those e-mails. I still have them now because I was told—you know, instructed not to delete anything. But you know, I have not used them for anything since forwarding— forwarding them to myself.

*Id.* at 17 (118:15-19). Defendant further testified that, outside of looking at the documents in preparation for litigation, he has not looked at the documents since leaving Plaintiff's employ. *Id.* at 20-21 (135:17-136:5). On being asked whether he had "used those documents or referred to those documents in any way through the course of [his] employment with Powers", Defendant expressly testified, "No." *Id.* at 21 (136:6-9).

Despite the expansive definition of "use" as explained in *Providence Title*, Plaintiff does not identify any evidence in the summary judgment record showing use of Plaintiff's alleged trade secrets by Defendant or raising a genuine dispute of material fact on that element. *Providence Title*, 2024 WL 1932418, at *7. In its Response, Plaintiff argues that "Defendant's self-interested testimony" wherein he "'unequivocally' denies using the documents to assist his employment with Powers" is

12

"overwhelmed by the multitude of evidence demonstrating his misappropriation." Doc. No. 89 at 36. But Plaintiff then fails to cite any record evidence showing Defendant's *actual* use or disclosure of any of Plaintiff's alleged trade secrets. *See Malone*, 2020 WL 1680058, at *5 ("[A]ctual and unauthorized use of trade secrets must be proved to prevail on a misappropriation claim."). Plaintiff discusses at length the various instances of Defendant taking Plaintiff's alleged protected information by emailing or downloading it, according to Plaintiff. Doc. No. 89 at 36-39. Yet, Plaintiff addresses Defendant's purported use of this information in a single sentence, claiming that Defendant "admitted that he uses these documents in his role as Project Manager" with Powers. *Id.* at 38. In support of this conclusory statement, Plaintiff cites the following lines of Defendant's deposition testimony:

> Q: And those documents we discussed earlier, does Powers do a brown paper?
> A; Yes.
> Q: And a resource load?
> A. Yes.
> Q. And a flow?
> A. Yes.

Doc. No. 90 at 123 (91:2-8). This testimony in no way resembles an admission by Defendant that he uses, or ever used, *Plaintiff's* alleged protected information in his employment with Powers. At most, this testimony reflects that Powers uses similar tools to those Plaintiff claims to use; not that Defendant (or Powers) uses *Plaintiff's* tools. *See Guillot*, 59 F.4th at 750 ("If the evidence is merely colorable, or is not

13

significantly probative, summary judgment is appropriate.") (internal quotations omitted).

Plaintiff also claims that its alleged protected information "enabled" Defendant to perform in his position with Powers because, according to Plaintiff, Defendant "lack[ed] any skills, training, or experience for the role." Doc. No. 89 at 36, 38; *see id.* at 40 ("Armed with [Plaintiff's] trade secrets, [Defendant] was enabled to successfully perform his Project Manager role at Powers[.]"). Plaintiff's suggestion that Defendant must have used the information because he was not capable of performing this job for Powers is nothing more than mere speculation. *See Guillot*, 59 F.4th at 750 ("Speculative theories cannot defeat a motion for summary judgment."). This same inferential suggestion was recently rejected by the Fifth Circuit. *CAE Integrated*, 44 F.4th at 263 (the court concluded that the plaintiff's assertion that the defendant "could never have succeeded without [the plaintiff's] data, claiming that 'the use of this data can reasonably be inferred from Moov's *results*" was nothing more than an inference that was "insufficient to support a finding that the defendant used the plaintiff's trade secrets."). Here, Plaintiff's conclusory reasoning is likewise insufficient to raise a genuine issue of material fact. *See Glob. Supply Chain Sols., LLC v. Riverwood Sols., Inc.*, 2019 WL 3852661, at *15 (Tex. App.—Dallas, Aug. 16, 2019 no pet.) (holding that the plaintiff failed to raise genuine issue of material fact on its TUTSA claim where the defendant submitted summary judgment evidence including testimony that the plaintiff's former employee did not use the plaintiff's confidential

14

information in performing her new job for the defendant and did not disclose it to the defendant, but the plaintiff cited only "speculative testimony" of its president that the former employee "must have disclosed [the plaintiff's] confidential or proprietary information in order to do her job at [the defendant].").

Plaintiff also argues summary judgment is inappropriate here because Defendant admits to still being in "possession of these documents after his termination [sic]". Doc. No. 89 at 39. (It is undisputed that Defendant resigned his position with Plaintiff.) In support of this, Plaintiff cites a case from this District in which the court denied summary judgment on a claim for misappropriation of trade secrets "where there [is] evidence of [the] former employee taking trade secret information and having it in his possession after termination." *Merritt Hawkins & Assocs., LLC v. Gresham*, 79 F. Supp. 3d 625, 638 (N.D. Tex. 2015)(Solis, J.). This Court does not find the *Merritt Hawkins* case to be instructive or even helpful on this issue and, as it is not binding, declines to follow it. In addressing the "use" element of the misappropriation of trade secret claim, the court in *Merritt Hawkins* stated that, although the plaintiff's "briefing does not allege exactly how the information was used, the Court is unwilling to find that no fact question exists as to if the information was used." *Id.* Without any analysis or discussion as to how that plaintiff satisfied its burden in opposing summary judgment, the court summarily concluded the claim survived summary judgment. *Id.* The Court declines to following this conclusion. Furthermore, here, Defendant's deposition testimony is clear that he continues to be in possession of these documents

15

because of this litigation and Plaintiff provides no evidence to the contrary. Doc. No. 85 at 17 (118:15-21).

It is this Court's opinion that the court's conclusion in *Merritt Hawkins* is contrary to the current state of the law on this issue. *See Providence Title*, — F. Supp. 3d —, 2024 WL 1932418, at *7 ("[U]nder *GE Betz*, *CAE Integrated*, and the cases on which they rely, a plaintiff must show that a defendant actually used its trade secrets to succeed on a misappropriation claim."); *Malone*, 2020 WL 1680058, at *5 (to prevail on the merits of trade secret misappropriation claim, "actual and unauthorized use of trade secrets must be proved" by the plaintiff); *see also Providence Title*, — F. Supp. 3d —, 2024 WL 1932418, at *7 ("When there has been no [actual] use, a cause of action for trade secret misappropriation would not accrue.") (citing *Sw. Energy Prod.*, 491 S.W.3d at 722)).

On this summary judgment record, Plaintiff fails to identify specific evidence in the summary judgment record showing Defendant used Plaintiff's allegedly protected information. Because Plaintiff fails to establish a genuine issue of material fact as to this element, the claim necessarily fails and the Court need not address the other elements of this TUTSA claim. For these reasons, Defendant is entitled to summary judgment on Plaintiff's misappropriation of trade secrets claim on this basis.

### C.   Injunctive Relief

Plaintiff fails to establish, or raise a genuine dispute of material fact, as to at least one essential element of both its breach of contract claim and its misappropriation

of trade secrets claim. Because Defendant is entitled to summary judgment on the only remaining claims, there is no surviving claim on which the Court can enter a permanent injunction. Nor has Plaintiff established any legal basis that would allow the Court to enter a permanent injunction here. Accordingly, summary judgment on Plaintiff's request for injunctive relief is **granted**.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Ed Clark's Motion for Summary Judgment. Plaintiff DeWolff, Boberg & Associates, Inc.'s remaining claims for breach of contract and for misappropriation of trade secrets and its request for injunctive relief are hereby **dismissed with prejudice**.

**SO ORDERED.**

Signed November 6th, 2024.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE